The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR15-268JLR |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| STARLA PUEBLA, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorney, STARLA PUEBLA and her attorney, Russell V. Leonard, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.  **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Tampering with Consumer Products, as charged in Count One, in violation of Title 18, United States Code, Section 1365(a).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her guilty

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plea, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.  **Elements of the Offense.** The elements of Tampering with Consumer Products, as charged in Count One, in violation of Title 18, United States Code, Section 1365(a), are as follows:

> <u>First</u>, the defendant tampered with a consumer product;
>
> <u>Second</u>, the defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury, and under such circumstances manifesting extreme indifference to such risk; and
>
> <u>Third</u>, the consumer product had been shipped or transported from one state to another, or from a foreign country to the United States.

3.  **The Penalties.** Defendant understands that the statutory penalties applicable to the offense of Tampering with Consumer Products, as charged in Count One, are as follows: A maximum term of imprisonment of up to ten years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of her peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on her behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Statement of Facts.** The parties agree on the following facts. Defendant admits she is guilty of the charged offense:

   a. Defendant STARLA PUEBLA was a licensed surgical technician at a Seattle-area reproductive services provider at all relevant times.

   b. In or around October 2014, PUEBLA learned how to gain access to her employer's secured storage locker for controlled substances.

United States v. Puebla/CR15-268JLR
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     c.    From that point until her termination in early January 2015, PUEBLA accessed this locked storage area in order to satisfy her addiction to Fentanyl—a powerful and dangerous narcotic.

     d.    On a number of occasions, including several times in December 2014, PUEBLA removed unopened vials of Fentanyl from the safe, opened them, and then ingested the contents intravenously. She then replaced the narcotic contents with sterile water, resealed the vials using superglue, and placed them back in the safe.

     e.    By replacing this Fentanyl with sterile water and resealing the vials, PUEBLA knowingly and recklessly created a significant risk that a patient might be administered medication that had been diluted.

     f.    PUEBLA was aware that patients received Fentanyl as an anesthetic during surgery and that a patient receiving diluted Fentanyl could suffer serious and dangerous consequences. At a minimum, the patient might suffer pain because the proper dosage of Fentanyl would not be administered. More troubling, however, is the risk of an overdose as the anesthesiologist administering the Fentanyl might administer additional medication when the patient failed to respond as expected and would have inaccurate information as to the actual amount of Fentanyl the patient had received.

     g.    PUEBLA was aware that her conduct exposed patients to a serious risk of bodily injury and/or death. In tampering with these vials of Fentanyl, PUEBLA acted in reckless disregard of that risk and manifested a reckless indifference thereto.

     h.    The vials of Fentanyl with which PUEBLA tampered were manufactured, labeled, packaged, and shipped to Washington State from another state.

7.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the

United States v. Puebla/CR15-268JLR
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

  d. Defendant may not withdraw her guilty plea solely because of the sentence imposed by the Court.

8. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. **Sentencing Factors and Recommendation.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

  a. A base offense level of 25, pursuant to U.S.S.G. § 2N1.1; and

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.  A two-level upward adjustment due to the abuse of a position of trust pursuant to U.S.S.G. § 3B1.3.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

Defendant further understands that she cannot withdraw her guilty plea simply because of the guidelines determination made by the Court, or because of the sentence imposed by the Court.

10.  **Sentencing.** It is contemplated by the parties that Defendant, who has been accepted into the Drug Reentry Alternative Model ("DREAM") program in the Western District of Washington, will participate fully in that program. Accordingly, the parties agree that the sentencing of Defendant shall be extended until such time as Defendant has either completed the DREAM program or been terminated from the program. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that if Defendant successfully completes the DREAM program, the Court shall enter an order dismissing this criminal case against Defendant with prejudice. If, however, Defendant has been terminated from the DREAM program, a sentencing hearing in the matter shall immediately be scheduled and a presentence report ordered. At sentencing, the Court may then impose any sentence authorized by law after consideration of the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a), and subject to any applicable provisions of this Plea Agreement.

If Defendant successfully completes the DREAM program, the provisions of Rule 11(c)(1)(C) are applicable and Defendant and the United States would be entitled to withdraw from this Plea Agreement and to proceed to trial if the Court did not dismiss the case with prejudice. If, however, Defendant fails to successfully complete the DREAM

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  program and is terminated from the program or withdraws from the program, then Rule
2  11(c)(1)(C) is inapplicable and Defendant may not withdraw from this Plea Agreement.

3      11.    Defendant agrees that if Defendant successfully completes the DREAM
4  program, resulting in the dismissal of the criminal charge with prejudice as described
5  above, Defendant nonetheless consents to the entry of appropriate orders by the Court to
6  facilitate the efficient and effective collection of any restitution that remains due pursuant
7  to Paragraph 7 above. Such orders may include a consent judgment for the remaining
8  restitution due as well as an order providing for the Court's retention of jurisdiction in
9  this case for the purposes of imposing a contempt sanction if Defendant knowingly fails
10 to pay restitution as required following any dismissal of criminal charges. Defendant also
11 agrees not to seek the discharge of any restitution obligation imposed pursuant to
12 Paragraph 7 above in whole or in part in any present or future bankruptcy proceeding.

13     12.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,
14 the United States Attorney's Office for the Western District of Washington agrees not to
15 prosecute Defendant for any additional offenses known to it as of the time of this
16 Agreement that are based upon evidence in its possession at this time, and that arise out
17 of the conduct giving rise to this investigation. In this regard, Defendant recognizes the
18 United States has agreed not to prosecute all of the criminal charges the evidence
19 establishes were committed by Defendant solely because of the promises made by
20 Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing
21 the Presentence Report, the United States Attorney's Office will provide the United
22 States Probation Office with evidence of all conduct committed by Defendant.

23     Defendant agrees that any charges to be dismissed before or at the time of
24 sentencing were substantially justified in light of the evidence available to the United
25 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
26 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
27 (1997).

28

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

14. **Voluntariness of Plea.** Defendant agrees that she has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter her plea of guilty.

15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

///

///

Dated this 15th day of October, 2015.

_____
STARLA PUEBLA
Defendant

_____
RUSSELL V. LEONARD
Attorney for Defendant

_____
JAMES D. OESTERLE
Assistant United States Attorney

_____
MATTHEW P. HAMPTON
Assistant United States Attorney

*United States v. Puebla*/CR15-268JLR
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970